IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ANTHONY QUINN NEWMAN,       )
                                 )
        Petitioner,           )
                                 )
    v.                        )        CV 123-105
                                 )
TYRONE OLIVER, Commissioner,   )
Georgia Department of Corrections,    )
                                 )
        Respondent.       )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, an inmate at Coffee Correctional Facility in Nicholls, Georgia, brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED,** and this civil action be **CLOSED**.

## I.    BACKGROUND

On March 26, 2016, Petitioner pled guilty in the Richmond County Superior Court to charges of (1) aggravated assault, (2) possession of a firearm during the commission of a crime, and (3) theft by receiving stolen property. (Doc. no. 1, p. 1). On August 18, 2016, the trial court sentenced Petitioner to twenty-five years in prison. (Id.)

On August 25, 2016, September 21, 2016, October 27, 2016, and January 12, 2018, Petitioner filed *pro se* motions to withdraw his guilty plea. See Richmond County Clerk of

Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Newman, Anthony Quinn" open 2016RCCR00686, last visited October 30, 2023) (hereinafter "Richmond County Docket").[1]  The trial court never ruled on these motions.  Id.  On July 30, 2019, Petitioner filed a motion for an out of time appeal to withdraw his guilty plea, which the trial court subsequently denied on February 5, 2020.  Id.  Petitioner filed a motion for reconsideration of the trial court's ruling on February 24, 2020.  Id.

Petitioner appealed the trial court's denial to the Georgia Court of Appeals, arguing the trial court never ruled on his pending motions to withdraw his guilty plea and the trial court treated his out-of-time appeal motion as a motion to withdraw a guilty plea, improperly dismissing it because the court no longer had jurisdiction to allow the withdrawal.  Anthony Q. Newman v. State, A20D0316 (Ga. Ct. App. Mar. 6. 2020).  On March 6, 2020, the Georgia Court of Appeals granted Petitioner a timely application for a discretionary appeal and ordered Petitioner to file, within ten days of the date of the order, a notice of appeal in the trial court.  Id.  If he had already done so, Petitioner need not file an additional notice.  Id.  On September 8, 2021, Petitioner filed an emergency motion for an out-of-time appeal.  See Richmond County Docket.  Nothing has been filed in Richmond County by Petitioner or the trial court since the September 8, 2021 motion.  Id.  Petitioner did not appeal any of the rulings to the Georgia Supreme Court.  (See generally doc. no. 1.)

On April 20, 2022, Petitioner filed a state writ of habeas corpus in the Superior Court of Coffee County, Georgia, challenging his Richmond County Superior Court conviction.

---

[1] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

(Doc. no. 1, pp. 9-11, 14-15.)  In May 2023, the petition was transferred to the Wilcox County Superior Court after Petitioner was moved to a state prison in Wilcox County, Georgia.  (Id. at 14-15.)  Petitioner admits this petition is currently pending and has not been ruled on by the Wilcox County Superior Court.  (Id.); see also Wilcox County Superior Court Web Docket, available at https://peachcourt.com/Search?t=Civil (use "Case Search" by "party name"; then search for "Newman, Anthony Quinn; and open 2023-CV-041, last visited October 30, 2023) (hereinafter "Wilcox County Docket").

Petitioner filed the instant § 2254 petition on July 31, 2023.  (Doc. no. 1.)  Petitioner challenges his state court conviction alleging ineffective assistance of counsel in violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights and procedural due process violations when the trial court denied his appeals and failed to rule on his motions to withdraw his guilty plea.  (See generally id.)

## II.  DISCUSSION

### A.  The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented."  Id. § 2254(c) (emphasis added).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims.  Castille v. Peoples, 489

U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### B. Petitioner Failed to Exhaust State Remedies

Petitioner currently has a state habeas petition pending in the Wilcox County Superior

Court.  (Doc. no. 1, pp. 14-15); see also Wilcox County Docket.  Thus, it is improper for Petitioner to attempt to circumvent the state courts in favor of moving directly to the federal courts. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment.  Picard v. Connor, 404 U.S. 270, 275 (1971).  However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim."  St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[2]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."  Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion).  However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011).  Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding."  Id.

Here, there is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement.  Allowing Petitioner to

---

[2] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.  661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

simultaneously pursue writs in both state court and federal court would clearly violate principles

of comity.  See Horowitz v. Wainwright, 709 F.2d 1403, at 1404 (11th Cir. 1983) (dismissing

a § 2254 where the petitioner had appeal regarding the same claim ongoing in a Florida state

court).  As Petitioner has not exhausted available state court remedies, his federal habeas corpus

petition should be dismissed without prejudice so he can first give the state courts an opportunity

to address his claims.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be

**DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of October, 2023, at Augusta,

Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA